DeMOSS, Circuit Judge,
specially concurring:
I concur in the majority opinion because I recognize that Fifth Circuit precedent binds us to follow the “stream of commerce” approach in personal jurisdiction cases;[1] however, I write separately for two reasons: (1) to note that if it were not for that precedent, I would certainly vote to decide this case under the “stream-of-commerce-plus” approach announced by Justice O’Connor in Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), and (2) to highlight how this case contributes to the circuit split created by Asahi, a split I urge the Supreme Court to resolve.
In my opinion, Justice O’Connor’s stream-of-commerce-plus theory is the more constitutionally defensible of the two theories of minimum contacts to emerge from Asahi. The principle of “minimum contacts” is a court-created principle that effectively limits a state’s exercise of jurisdiction over nonresident defendants. Jurists have long recognized “that the laws *475 of one State have no operation outside of its territory, except so far as is allowed by comity; and that no tribunal established by it can extend its process beyond that territory so as to subject either persons or property to its decisions.” Pennoyer v. Neff, 95 U.S. [5 Otto] 714, 722, 24 L.Ed. 565 (1877). Thus, the “minimum contacts” test was developed over time to define the necessary contact a nonresident defendant must have with a state before the defendant can be subjected to suit there. As-ahi is the last in a long line of Supreme Court cases to define the contours of that test, and it left the test in a state of complete disarray. Only three Justices joined the portion of Justice O’Connor’s plurality opinion that embraced the stream-of-commerce-plus approach to minimum contacts; of the five remaining Justices, three Justices joined Justice Brennan in a concurrence that embraced the stream of commerce approach and Justice Stevens wrote his own concurrence embracing neither. It is the stream of commerce approach that the Fifth Circuit follows and that I criticize here (although I recognize its binding effect). The stream of commerce, or “mere foreseeability,” approach requires only that a nonresident defendant place its product in the stream of commerce with the expectation that the product will reach the forum state. Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 380 & n. 7 (5th Cir.2002). As Judge Niemeyer of the Fourth Circuit eloquently stated in Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 945 (4th Cir.1994), “To permit a state to assert jurisdiction over any person in the country whose product is sold in the state simply because a person must expect that to happen destroys the notion of individual sovereignties inherent in our system of federalism.” Justice O’Connor’s stream-of-commerce-plus approach states that mere foreseeability is not enough and requires “[a]dditional conduct of the defendant ... indicating] an intent or purpose to serve the market in the forum State,” and thereby better comports with our country’s principles of federalism. See Asahi, 480 U.S. at 112, 107 S.Ct. 1026.
This ease is the proverbial straw that breaks the camel’s back because it stretches the stream of commerce theory beyond its past limits and thus deepens the divide between circuits that require “additional conduct” and those that do not. Subjecting Insta-Mix to suit in Louisiana creates a “Wal-Mart exception,” rendering any small company that sells a product to Wal-Mart subject to suit in any state in the nation in which Wal-Mart resells the company’s products. Insta-Mix did no business in Louisiana; it had no agent for service of process in Louisiana; it negotiated a contract with Wal-Mart in Arkansas and it sold and delivered its products to Wal-Mart for its plant in Colorado; and Wal-Mart picked up Insta-Mix’s products in Colorado on a Wal-Mart truck (or a truck contracted for by Wal-Mart). None of the plus factors defined by Justice O’Connor in Asahi are satisfied on the record here: Insta-Mix’s product was not designed or designated for the Louisiana market; Insta-Mix did not advertise in Louisiana; Insta-Mix established no channels for providing regular advice to customers in Louisiana; and Insta-Mix did not market its product through a distributor who agreed to serve as a sales agent in Louisiana. Asahi, 480 U.S. at 112, 107 S.Ct. 1026. In a stream-of-commerce-plus circuit, personal jurisdiction would not attach in this case. But under the mere foreseeability test that controls our circuit, Insta-Mix is subject to suit in Louisiana. This result on this record defies principles of federalism and therefore presses for the repudiation of the “stream of commerce” approach to personal jurisdiction.
*476 For the above reasons, I hope Insta-Mix will apply for a writ of certiorari and I urge the Supreme Court to take up the minimum contacts issue and resolve it and the increasing circuit divide with clarity. The recent changes in the composition of the Court should produce a new effort by the Court to definitively answer this controversy. The sovereignty of the individual states is on the line.

. See Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 420 (5th Cir.1993). Writing for the unanimous panel in Ruston, I described the Fifth Circuit's long-time support of the "stream of commerce” theory and rejection of the "stream-of-commerce-plus” theoty. Id. In that case, application of the "stream of commerce” theory to the facts at hand led to a reasonable result, in part because Ruston involved more than mere placement of a product into the stream of commerce. See id. at 417-18 (third-party defendant shipped products directly to forum, sent employees to forum to consult with customers). The exercise of personal jurisdiction over Insta-Mix in this case, however, stretches the stream of commerce theory to its outer limits, and thereby reveals the flaws in the stream of commerce approach.